UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| KEITH FENNING, JR., on Behalf of Himself and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> V. <br><br> ZECO EQUIPMENT, LLC, <br><br> Defendant. | CIVIL ACTION NO. :_____ <br> JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**CLASS ACTION, COLLECTIVE ACTION & JURY DEMAND**

1. Defendant Zeco Equipment, LLC ("Defendant") required Plaintiff Keith Fenning, Jr. ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendant misclassified Plaintiff and other similarly situated workers throughout the United States as exempt from overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

3. Plaintiff worked for Defendant in North Dakota. Just as the non-payment of overtime violates federal law, so too does it violate North Dakota state law. Accordingly, Plaintiff also brings claims arising under Title 34 of the North Dakota Century Code for Defendant's failure

1

to pay overtime. Plaintiff seeks to pursue these claims as a Rule 23 class action. Members of the Rule 23 class action are referred to as the "North Dakota Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because those claims arise from a common nucleus of operative fact with the federal claims, namely the failure to pay overtime to non-exempt employees.

5. Venue is proper in this District because a Defendant does a significant portion of its business in this District and many of the wrongs herein alleged occurred in this District.

6. Plaintiff worked for Defendant throughout North Dakota and Defendant maintains an office in North Dakota.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Keith Fenning, Jr. is an individual residing in Sherburne County, Montana. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant within the last three years for which he did not receive the FLSA's required overtime.

8. The FLSA Class Members are all current and former employees that worked at any time during the three-year period before the filing of this Complaint that were paid on a day rate basis by Defendant.

9. The North Dakota Class Members are current and former employees that worked at any time during the two-year period before the filing of this Complaint that were paid on a day rate basis by Defendant and who worked in North Dakota.

10. Defendant Zeco Equipment, LLC is a limited liability company organized under the laws of North Dakota that may be served process through its registered agent Jeff Widener, 505 3rd Ave. NE, Belfield, ND 58622.

## COVERAGE

11. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

12. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

13. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

15. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

16. Defendant Zeco Equipment, LLC is an oilfield services company that provides solids and pressure control services to its clients in the drilling and pipeline industries.

17. Defendant has offices in North Dakota, Utah, and Colorado.

18. Plaintiff worked for Defendant as a solids control technician from approximately June of 2014 to October of 2015. He performed work for Defendant in multiple states, including North Dakota and Wyoming.

19. Plaintiff and other solids control technicians routinely worked in excess of twelve hours a day.

20. Plaintiff and other solids control technicians routinely worked 7 days each week.

21. Plaintiff worked more than 40 hours in virtually every week he worked for Defendant.

22. However, instead of paying an hourly rate with overtime, Defendant pays all of its solids control technicians and other oilfield workers a flat day rate without overtime.

23. No exemption in the FLSA law shelters Defendant from paying overtime to these workers.

24. Solids control technicians do not supervise other employees or manage a customarily recognized department of Defendant's company.

25. Solids control technicians have no authority to hire or fire other employees.

26. Solids control technicians are field employees, not office employees. They perform work related to Defendant's core business, not the management of the company's operations.

27. The primary duty of a solids control technician does not require independent judgment or discretion. Instead, solids control technicians are required to carry out their work according to detailed step-by-step procedures promulgated by Defendant or Defendant's customers.

28. Despite these facts, Defendant misclassified its oilfield workers as exempt from overtime pay and paid only a day rate.

29. As a result of Defendant's pay policies, Plaintiff and other oilfield workers were denied overtime pay.

30. All of Defendant's solids control technicians are paid a day rate without overtime.

31. All of Defendant's solids control technicians perform the same general duties.

32. Over the last three years, nationwide, Defendant has employed at least 25 solids control technicians.

33. Defendant knew, or showed reckless disregard for whether Plaintiff and the other inspectors were entitled to overtime pay under the law.

34. The same conduct outlined above also violates North Dakota state law codified in the North Dakota Administrative Code § 46-02-07. Like its federal counterpart, North Dakota state law mandates overtime compensation must be paid at one and one-half times the employee's regular rate. The North Dakota Supreme Court recognizes a private action for the recovery of unpaid wages under Title 34 of the Century Code. *Werlinger v. Champion Healthcare Corp.*, 598 N.W.2d 820 (ND 1999). By paying its employees a day rate without overtime, Defendant violates North Dakota state law.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

35. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

36. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

37. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Class Members.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

39. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

40. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other workers under the same compensation structure at multiple job sites for Defendant.

41. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

42. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

43. Defendant misclassified and continues to misclassify FLSA Class Members as exempt employees.

44. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

45. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

46. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

47. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

48. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

49. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

50. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

51. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

52. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former employees paid by Defendant on a day rate basis at any time during the three-year period before the filing of this Complaint.

### COUNT TWO: VIOLATION OF NORTH DAKOTA STATE LAW

53. Plaintiff and North Dakota Class Members incorporate all allegations contained in the foregoing paragraphs.

54. Defendants' practice of failing to pay overtime at one and one half times Plaintiff's and the North Dakota Class Members' regular rates violates the Title 34 of the North Dakota Century Code and its implementing regulations.

## **R**ULE 23 **C**LASS **A**CTION **A**LLEGATIONS

55. Plaintiff brings this action on his own behalf and as a representative party, pursuant to Fed. R. Civ. P. 23(b). Plaintiff seeks class certification of the North Dakota state law claims with a class definition as follows:

> All current and former employees paid by Defendant in the state of North Dakota on a day rate basis at any time during the two-year period before the filing of this Complaint**.**

56. Defendant's policy of failing to pay the amount of overtime dictated by North Dakota state law affects members of the North Dakota Class in a substantially similar manner. Plaintiff and the North Dakota Class Members have claims based on the same legal and remedial theories. Plaintiff and the North Dakota Class Members have claims based on the same facts. Therefore, Plaintiff's claims are typical of the North Dakota Class Members' claims.

57. Although Plaintiff does not know the precise number of the members of the proposed class, there are more than 40 members. Further, the identity of the members of the class is readily discernible from Defendant's records.

58. There are questions of law and fact that are common to all members of the proposed class and those questions predominate over any question affecting only individual members of the class.

59. Plaintiff will fairly and adequately protect the interests of the proposed class in the prosecution of this action and in the administration of all matters relating to the claims stated herein. Plaintiff has no interests antagonistic to the members of the proposed class. Plaintiff is committed to the vigorous prosecution of this case as a class action and has retained counsel who are experienced in class action litigation in general and wage and hour litigation in particular.

60.     The Class Action is a superior form to resolve the North Dakota state law claims because of the common nucleus of operative fact centered on the continued failure of Defendant to pay its employees according to the provisions of North Dakota state law because Defendant uniformly paid those employees on a day rate basis.

61.     In this action, common issues will be the object of the majority of the efforts of the litigants and the Court.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  A class action will also thwart unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies.

## **JURY DEMAND**

62.     Plaintiff demands trial by jury on all issues.

## **PRAYER**

63.     For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all inspectors and all similarly situated employees to permit them to join this action by filing a written notice of consent;

   b. An order designating the North Dakota Class as a Rule 23 class action;

   c. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

   d. An order awarding attorneys' fees and costs;

   e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ John Neuman*
John Neuman
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
jneuman@smnlawfirm.com
Texas State Bar No. 24083560
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS